UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-5017

LORAS LEROY ROWAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-473-GRA, JR)

Submitted: August 4, 1998

Decided: September 2, 1998

Before MURNAGHAN, ERVIN, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Loras Leroy Rowan was convicted pursuant to his guilty pleas to conspiracy to commit bank robbery and bank robbery. Rowan's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), alleging that the trial court's Rule 11 **1** inquiry was inadequate and that the court erroneously calculated his sentencing range. Finding no error, we affirm.

Rowan does not allege any specific defect in the Rule 11 inquiry, and we find none. The court insured that Rowan understood the charges against him and the nature of his guilty plea. The court also advised Rowan about the rights he was waiving and the potential punishments he faced. Finally, Rowan informed the court that he was satisfied with the performance of counsel, and he stated that he was knowingly and willfully pleading guilty. We therefore find that the trial court's inquiry satisfied the requirements of Rule 11. <u>See United States v. DeFusco</u>, 949 F.2d 114 (4th Cir. 1991).

Rowan likewise does not allege any specific error in the calculation of his sentencing range, and we do not find any. **2** Moreover, this court lacks authority to review correctly calculated sentences falling within the appropriate statutory or Guidelines**3** ranges. <u>See United States v. Porter</u>, 909 F.2d 789, 794 (4th Cir. 1990).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u> and find no meritorious issues for appeal.

_____

**1** Fed. R. Crim. P. 11.
**2** We note that Rowan did not object to his sentencing range at trial. Therefore, our review is for plain error. <u>See generally</u>, <u>United States v. Olano</u>, 507 U.S. 725 (1993).
**3** **<u>U.S. Sentencing Guidelines Manual</u>** (1995).

2

The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Rowan's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3